UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON CORREA,

        Defendant.

REPORT & RECOMMENDATION

14-CR-6123W

---

        By Order of Hon. Elizabeth A. Wolford, United States District Judge, dated August 5, 2014, all pretrial matters in the above-captioned cases have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 16).

        On June 13, 2014, the defendant Brandon Correa was arrested and charged in a Criminal Complaint with making threats to the President of the United States, in violation of 18 U.S.C. § 871. (Docket # 1). He was subsequently indicted for making threats to the President and the Governor and Lieutenant Governor of the State of New York on June 11, 2014, in violation of 18 U.S.C. §§ 871 and 875(c). (Docket # 15). A superseding indictment was returned on August 12, 2014, which added four counts of making threats to the President, the Governor, the Lieutenant Governor and the Mayor of the City of Rochester on August 7, 2014, in violation of 18 U.S.C. §§ 871 and 875(c). (Docket # 21).

        By order entered August 14, 2014, this Court ordered that Correa be examined at a Federal Medical Facility to determine whether Correa was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings

against him and to assist properly in his defense. (Docket # 22). Pursuant to that order, a forensic mental health evaluation was conducted at the Metropolitan Correctional Center, New York, New York. The forensic report, dated October 9, 2014, concluded, in part, that Correa was suffering from the mental disease of schizoaffective disorder, bipolar type. (Docket # 28). The report further concluded that the defendant "currently possesses some factual understanding of the proceedings against him, but does not possess a rational understanding of these proceedings, lacks the capacity to assist legal counsel in his defense, and cannot adequately make decisions regarding his legal strategy." (*Id.*). The report recommended that Correa be found not competent to stand trial and be committed for further evaluation and treatment. (*Id.*).

On October 21, 2014, Correa and his counsel appeared at a proceeding before this Court. His counsel accepted the report from the Metropolitan Correctional Center and waived a hearing. Defense counsel had no opposition to the Bureau of Prisons' conclusions that Correa was suffering from a mental disease or defect rendering him incompetent to stand trial and that an additional period of treatment was necessary to determine if there was a probability that Correa would become competent. Having carefully reviewed the psychiatric report in its entirety, I recommend that the district court accept its findings. I further recommend that Correa be hospitalized for further treatment for a period not to exceed four months pursuant to 18 U.S.C. § 4241(d)(1), to determine whether there is a substantial probability that Correa would be able to attain the capacity to stand trial.

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        October 23, 2014

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
October 23, 2014

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).