UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

BRANDON CORREA,

              Defendant.
_____

REPORT & RECOMMENDATION

14-CR-6123W

       By Order of Hon. Elizabeth A. Wolford, United States District Judge, dated August 5, 2014, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 16).

       On June 13, 2014, the defendant Brandon Correa was arrested and charged in a Criminal Complaint with making threatening statements of death towards the President of the United States, in violation of 18 U.S.C. § 871.  (Docket ## 1, 4).  Correa was subsequently charged with making threats against the Governor of the State of New York, the Lieutenant Governor of the State of New York, and the Mayor of the City of Rochester, in violation of 18 U.S.C. § 875(c), as well as a new threat against the President of the United States, in violation of 18 U.S.C. § 871.  (Docket # 21).  By order dated August 14, 2014, this Court ordered that Correa be examined at a Federal Medical Facility to determine whether he was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  (Docket # 22).  Pursuant to that order, a forensic mental health evaluation was conducted at the Metropolitan Correctional

Center, New York, New York. The forensic report, dated October 9, 2014, concluded, in part, that Correa was suffering from a mental disease or defect – schizoaffective disorder, bipolar type – that rendered him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. That report recommended that Correa be committed for further evaluation and treatment. (Docket # 28).

On October 21, 2014, Correa and his counsel appeared at a proceeding before this Court. (Docket # 30). His counsel accepted the report from the Metropolitan Correctional Center and waived a hearing. Defense counsel had no opposition to the Bureau of Prisons' conclusions that Correa was suffering from a mental disease or defect rendering him incompetent to stand trial and that an additional period of treatment was necessary to determine if there was a probability that Correa would become competent. This Court issued an oral Report and Recommendation, dated October 23, 2014, that Correa be hospitalized for further treatment pursuant to 18 U.S.C. § 4241(d)(1), which was accepted and adopted by the District Court. (Docket ## 29, 31). Accordingly, United States District Judge Elizabeth A. Wolford ordered that Correa be hospitalized for treatment at a suitable federal medical facility, pursuant to 18 U.S.C. § 4241(d)(1), to determine whether there was a substantial probability that Correa would be able to attain the capacity to stand trial. (Docket # 31). Correa was thereafter admitted to the Butner Medical Center for treatment.

On May 26, 2015, Correa's treating forensic psychologist issued a report to the Court concluding that Correa had regained competency and had attained the capacity to permit him to stand trial. (Docket # 34). Correa thereafter appeared before this Court on June 15, 2015, at which time both defense counsel and counsel for the government noted their agreement with

the report's conclusions and requested that Correa be found competent to stand trial; neither side requested a hearing.  (Docket # 36).

>18 U.S.C. § 4241 provides:
>
>**Discharge** - When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment . . . . If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial.

18 U.S.C. § 4241(e).

Upon review of the forensic report, I find by a preponderance of the evidence that Correa is capable of understanding the nature and consequences of the proceedings against him and is able to assist properly in his defense.  It is therefore the recommendation of this Court that the District Court determine that Correa is currently competent to stand trial.

                                              *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       June 26, 2015

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       June 26, 2015

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).