UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

BRANDON CORREA,

                Defendant.

_____

<u>REPORT & RECOMMENDATION</u>

14-CR-6123W

By Order of Hon. Elizabeth A. Wolford, United States District Judge, dated August 5, 2014, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 16).

On July 7, 2015, defendant Brandon Correa ("Correa") filed a motion to dismiss the Superseding Indictment on the grounds that it failed to allege Correa's subjective intent to threaten, an element which, according to Correa, is essential to charges for violations of 18 U.S.C. §§ 871, 875(c) pursuant to the holding in a recent Supreme Court decision, *Elonis v. United States*, 135 S. Ct. 2001 (2015) ("*Elonis*"). (Docket # 39). On July 28, 2015, the grand jury issued a Second Superseding Indictment charging Correa with five counts of violating 18 U.S.C. § 875(c) and two counts of violating 18 U.S.C. § 871. (Docket # 54). Each count of the Second Superseding Indictment specifically alleges that the communications forming the basis for the charge "contained a threat to injure." (*Id.*). On July 30, 2015, oral argument on the

pending motion was held during which the government represented that the grand jury had been instructed on each of the counts consistent with the holding in *Elonis*.[1]

Having reviewed the parties submissions, the Second Superseding Indictment and the representations made by the government on the record, for the reasons stated more fully on the record on July 30, 2013, I recommend that the district court deny Correa's motion to dismiss as moot.

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      July 30, 2015

---

[1] The government also stated on the record that it continues to maintain that *Elonis* is inapplicable to charges pursuant to 18 U.S.C. § 871.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                           *Marian W. Payson*
                                                         MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
        July 30, 2015

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).